UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

Clyde Hibbert

Debtor(s)

CASE NO: 18-bk-10254-cgm

CHAPTER: 13

## SECURED CREDITOR, TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO AMENDED CHAPTER 13 PLAN

**COMES NOW, SECURED CREDITOR,** Trinity Financial Services, LLC (herein after referred to as "Secured Creditor"), by and through its undersigned counsel, and hereby files this Objection to the Amended Chapter 13 Plan [Doc. No.43] filed by the Debtor and States as grounds the following:

1. On or about January 31, 2018, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code [DE #1].

2. On or about February 24, 2018 Debtor filed his proposed Chapter 13 plan. [DE # 9].

3. On or about November 7, 2018 Debtor filed his Amended Chapter 13 Plan [DE # 43]

4. Secured Creditor's claim is secured by a second mortgage encumbering the real property owned by Debtor located at 989 East 241st Street, Bronx, NY 10466 (hereinafter "The Property").

5. Secured Creditor is the owner and holder of the note and mortgage and has the right to enforce the note and mortgage.

6. Secured Creditor has or will timely file a Proof of Claim indicating the arrears and regular monthly payment.

7. The Plan fails to include the correct payment to Secured Creditor including, but not limited to the correct pre-petition arrearages and fails to include the correct regular monthly mortgage payments.

8. Further, the current monthly payment is $990.63 of which the Plan provides to pay $0.00. Instead, the Plan requests the Court value the collateral to strip Secured Creditor's lien.

9. The Debtor is claiming the property is worth $325,000.00 based on an appraisal dated December 22, 2017. Secured Creditor has researched some comparable sales in the area and can show that the average sale price for similar homes in Debtor's neighborhood is $484,333.33. An appraisal or broker's price opinion is needed to determine the true value of the property. Secured Creditor is in the process of obtaining its own appraisal of the subject property to determine the properties true value.

10. Moreover, the subject Property is the Debtor's principal residence. Regardless as to whether the SECURED CREDITOR is a secured or unsecured creditor, the particular debt is a security interest on the Debtor's principal residence.

11. In *Nobelman v. Am. Sav. Bank*, 508 U.S. 324 (1993), Debtors sought to reduce an undersecured mortgage on their principal residence to the fair market value of the mortgage residence under 11 U.S.C. §506(a).

12. The Court in *Nobleman* also looked to 11 U.S.C. 1322(b)(2) which allows modification of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence.

13. Under 11 U.S.C. §1322(b)(2), a Chapter 13 plan may, "[subject to §1322(a) and §1322(c)], modify the rights of holders of secured claims, **other than a claim secured only by a security interest in real property that is the debtor's principal residence...**" (emphasis added).

14. Pursuant to 11 U.S.C. §1322, the Debtor may only modify Secured Creditor's rights in two (2) ways. The first is that any delinquency may be cured in the Chapter 13 Plan by paying equal payments into the Plan, and second, if a balloon payment was due before the end of a Chapter 13 Plan, the balloon payment may be paid in equal installments under the Plan. See 11 U.S.C. §1322(c). No other exceptions are noted in 11 U.S.C. §1322 as it relates to the modification of a mortgage holder's rights on his principal residence.

15. Further, there is no distinction as to the type of claim the creditor has against the principal residence except that the claim, whether secured or unsecured by the value of the

2

collateral, must be a security interest on the principal residence.

16. In *Nobleman*, Debtors urged the Court to apply the "rule of the last antecedent" in interpreting 11 U.S.C. §1322(b)(2), which would require that the Court interpret 11 U.S.C. §1322(b)(2) to only mean that the rights of the mortgage holder are unaffected as to the secured portion of the claim. The Court rejected that interpretation and stated that the bank's contractual rights would necessarily be modified if 11 U.S.C. §1322(b)(2) was to be interpreted to only affect the secured portion of the lien. *Id.* at 329-332.

17. *Nobleman* went further to state, "…to give effect to §506(a)'s valuation and bifurcation of secured claims through a Chapter 13 plan in the manner petitioners propose would require a modification of the rights of the holder of the security interest. Section 1322(b)(2) prohibits such a modification where, as here, the lender's claim is secured only by a lien on the debtor's principal residence."

18. Other Districts have followed *Nobleman* for the proposition that a wholly unsecured lien on a debtor's principal residence may not be stripped or modified in a manner inconsistent with 11 U.S.C. 1322(b)(2). See *In re Frame*, 2009 Bankr. LEXIS 5558 (U.S. Bankr. D. Minn. Sep. 23, 2009). (determination of a secured claim under 11 U.S.C. §506(a) is irrelevant to 11 U.S.C. §1322(b)(2)).

19. The language in 11 U.S.C. 1322(b)(2) is clear and unambiguous as was *Nobleman's* reasoning when it rejected the contention that 11 U.S.C. §506's valuation and bifurcation of claims secured by liens on the Debtor's primary residence is permitted to modify the lien holder's rights. To the contrary, *Nobleman* essentially stated 11 U.S.C. §506 runs counter to 11 U.S.C. §1322(b)(2)'s prohibition against modifying the lien holder's contractual rights except as permitted by 11 U.S.C. §1322(b)(2).

20. In *Bank of Am., N.A. v. Caulkett*, 135 S.Ct. 1995 (2015), the United States Supreme Court citing *Dewsnup v. Timm*, 502 U.S. 410 (1992), fully analyzed 11 U.S.C. §506 as it pertains to Secured Creditor's "secured claim."[1]

21. In *Caulkett*, the Court stated, …an allowed claim 'secured by a lien with recourse to the underlying collateral does not come within the scope of §506(d)' … [and thus] a 'secured claim' is a claim supported by a security interest in property, **regardless of whether the value of that property would be sufficient to cover the claim.**" (emphasis added).

22. Under 11 U.S.C. §1322(b)(2), a Chapter 13 plan may, "[subject to §1322(a) and §1322(c)], modify the rights of holders of secured claims, **other than a claim secured only by a security interest in real property that is the debtor's principal residence…**"

---

[1] While *Caulkett* was a determination of the availability of "stripping" a junior mortgage in a Chapter 7 case, the undersigned believes that the United States Supreme Court analysis in construing 11 U.S.C. §506 is applicable given §506's interaction with 11 U.S.C. §1322(b)(2) in cases decided before *Caulkett*, namely *Nobleman*.

3

(emphasis added).

23. 11 U.S.C. 1322 (c) states in pertinent part that the Debtor may cure a default within the Chapter 13 Plan, but regular payments are required, and the default must be cured.

24. Based upon the foregoing, Debtor in the instant case has two (2) options he may exercise: 1) surrender the collateral, or 2) cure the delinquencies of all mortgages secured by her principal residence in her Chapter 13 Plan. He may not modify the rights of the SECURED CREDITOR.

25. The Plan proposes to modify Secured Creditor's lien without cause why the lien should be modified, especially since a Borrower's income and the arrearages balance shows that the Debtor will have difficulty paying in the plan to Secured Creditor.

26. Secured Creditor is entitled to attorneys' fees pursuant to 11 U.S.C. §1322(e). Said fees should be added to the balance of the Note and Mortgage pursuant to the terms of the loan documents, but not added to the Debtors' personal obligation once a discharge is received.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that the Debtors' Chapter 13 Plan be amended to include the correct arrearage and regular monthly payment to Secured Creditor, deny the request to value the collateral and strip Secured Creditor's lien, or grant Secured Creditor in rem relief from stay together with fees as set forth in paragraph 25 above, and for any other relief this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list and all parties on the Creditor's Matrix, this November 21, 2018.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of New York, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

4

SERVICE LIST

Clyde Hibbert
c/o Darren Aronow, Esq.
Aronow Law, P.C.
20 Crossways Park Drive North Suite 210
Woodbury, NY 11797
Attorney for Debtor(s)

*Trustee*
Krista M. Preuss
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603

*U.S. Trustee*
United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

_____
Kelly Kalahar, Esq.
Waldman, Kalahar & Associates, PLLC
P.O. Box 5162
Largo, FL 33779
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
Email: kelly@dwaldmanlaw.com
newyorkforeclosures@dwaldmanlaw.com
Attorneys for Secured Creditor